IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr130-WKW |
| | ) | |
| LINDA WADE DUNN | ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL: Christine Freeman

ASSISTANT U.S. ATTORNEY: Andrew O. Schiff

**COUNT AND STATUTES CHARGED**

Count 1: 18 U.S.C. § 1341 (mail fraud)

**STATUTORY MAXIMUM PENALTIES**

NMT 5 yrs imprisonment (per statutory provisions in effect as of June 2001)
NMT $250,000 fine, or twice the gross gain to defendant or gross loss to victim, or both
NMT 3 years supervised release
$100 assessment fee
Restitution.

**ELEMENTS OF THE OFFENSE**

First: That the Defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises;

Second: That the false or fraudulent pretenses, representations or promises related to a material fact;

Third: That the Defendant acted willfully with an intent to defraud; and

Fourth: That the Defendant used the United States Postal Service for the purpose of executing the scheme by taking or receiving from the mail some matter or thing that had been delivered by the Postal Service.

*******************************************************************************

Andrew O. Schiff, Assistant United States Attorney, and Christine Freeman, attorney for the defendant, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information, and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

**GOVERNMENT'S PROVISIONS**

1. For purposes of the calculation of defendant's offense level under the United States Sentencing Guidelines, the government agrees that:

a. The Sentencing Guidelines in effect as of June 2002 are applicable.

b. The base offense level is 6. See U.S.S.G. § 2B1.1(a).

c. The loss is not less than $2,500,000 and not more than $7,000,000. Therefore, the base offense level is increased by 18 levels. See U.S.S.G. § 2B1.1(b)(1)(J).

d. The 2-level decrease for acceptance of responsibility is applicable. See U.S.S.G. § 3E1.1(a).

e. The government will move for an additional 1-level decrease based on defendant's timely notification of her intent to plead guilty. See U.S.S.G. § 3E1.1(b).

f. No other adjustments to the offense level are applicable.

g. The Criminal History Category is not more than II.

h. The government agrees that a sentence at the low end of the applicable guideline range is appropriate. Therefore, assuming a

Criminal History Category of II, the government agrees that the maximum sentence is 41 months imprisonment.

2. Notwithstanding paragraph 1 of the government's provisions, the government agrees that the defendant may argue (subject to the government's right to oppose):

a. That the applicable Criminal History Category is I.

b. For a downward departure from the Criminal History Category pursuant to U.S.S.G. § 4A1.3(B).

c. For a sentence that varies from the guideline range under *Booker*, provided that defendant shall not seek a sentence of less than 34 months imprisonment, and a sentence of less than 34 months shall give the government the right to withdraw from this Agreement.

3. If defendant pleads guilty to and is sentenced on Count 1 of the Information, the United States will not initiate any further criminal charges against Dunn related to her embezzlement of funds as described in the Information and in this Agreement.

4. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

**DEFENDANT'S PROVISIONS**

1. The defendant, aware that the crime of mail fraud charged in the Information is punishable by imprisonment for more than one year, agrees to waive her right to prosecution by indictment.

2. Defendant agrees to plead guilty to Count 1 of the Information.

3. Defendant agrees with the stipulations as set forth in paragraph 1 of the government's provisions, and agrees to the limitations of permissible sentencing arguments set forth in paragraph 2 of the government's provisions.

4. Defendant agrees that she shall not have the right to withdraw her plea if her sentence is 41 months or less, even if the Court employs a methodology different from that stipulated to in this Agreement in imposing such a sentence.

5. The defendant agrees to the entry of an order of restitution in the amount owed by defendant to Therapeutic Programs, Inc. as of the date of sentencing.

**FACTUAL BASIS**

The defendant admits the allegations charged in Count 1 of the Information and understands that the nature of the charge to which the plea is offered involves proof that Therapeutic Programs, Inc. ("TPI") was a corporation based in Montgomery, Alabama, which provided services to foster children in therapeutic care. Linda Wade Dunn was TPI's bookkeeper. During the period from in or about June 1999 through in or about February 2004, Dunn embezzled approximately $3,005,533.10 from TPI. Dunn effected the embezzlement by causing TPI checks to be made payable to herself and to an entity she controlled. She concealed and perpetuated the theft by altering entries in TPI's records to make it appear that the payees of the checks were legitimate. She also concealed the theft by intercepting from the mail, on a monthly basis, TPI's bank statements, which contained the cancelled checks showing the true payees of the checks. One such statement that had been mailed to TPI was obtained by Dunn in June 2002.

**DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal or seek post-conviction relief on the ground of ineffective assistance of counsel or prosecutorial misconduct. In return for the above waiver by the defendant, the government does not waive its right to appeal the sentence imposed in the instant case. The government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

**DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

1. The defendant, before entering a plea of guilty to Count 1 of the Information as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Other than as provided for under Rule 11(c)(1)(A) and 11(c)(1)(C), *Federal Rules of Criminal Procedure*, the defendant acknowledges that a breach of this Plea Agreement by

the defendant will not entitle her to withdraw her guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c. The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that

if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

2. The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

3. The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

Nothing in this paragraph shall deprive defendant of the right to withdraw her plea if the sentence imposed is greater than 41 months.

This 19th day of June, 2006.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

Andrew O. Schiff
Deputy Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

Linda Wade Dunn
Defendant

6-19-06
Date

Christine Freeman
Attorney for the Defendant

6/19/06
Date